IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JUSTIN C. HOWELL #562988, | ) |
| Petitioner, | ) ) ) |
| | ) NO. 3:20-cv-00825 |
| v. | ) ) JUDGE RICHARDSON |
| WARDEN GRADY PERRY, | ) ) |
| Respondent | ) |

## MEMORANDUM AND ORDER

Contemporaneously with the filing of his habeas petition in this case, Petitioner filed a motion to stay proceedings on his petition to allow him to exhaust state remedies. (Doc. No. 3, "Motion".) Respondent opposes the Motion on the basis that none of the claims in the petition before this Court are or could be raised in the pending state court litigation. (Doc. No. 9.)

It has long been held that a state prisoner's federal habeas corpus petition should be dismissed if the prisoner has not yet exhausted all available state court remedies for each and every claim in his petition. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). This does not, however, limit the discretion of the district court to hold a habeas corpus petition in abeyance where so doing would be appropriate and compatible with the purposes of the Antiterrorism and Effective Death Penalty Act of 1996. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). In fact, under certain circumstances, a stay is the only proper course of action. *See Rhines*, 544 U.S. at 278 ("it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially

meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics").[1]

But those circumstances are not present in this case. Petitioner claims in his petition that it is "a mixed Petition of federal claims that are both exhausted and unexhausted[.]" (Doc. No. 1 at 10.) Likewise, Petitioner refers in his Motion to alternatives for handling a "mixed petition." (Doc. No. 3.) But he does not directly assert that his pending petition presents any claims that are in the process of being exhausted in state court. To the extent Petitioner suggests in his petition that it includes claims that are still pending in state court, (Doc. No. 1 at 10 n.1), that suggestion is refuted by Respondent's response (Doc. No. 9.) Respondent's response, which attaches Petitioner's state-court brief filed in the ongoing state litigation, confirms that the state litigation does not include any of the ineffective-assistance claims pending in his federal habeas petition. (Doc. No. 9-1 at 2.) So it does not appear that the instant petition actually is a mixed petition. Accordingly, no stay is necessary in this case, and Petitioner's Motion (Doc. No. 3) is **DENIED**.

Petitioner's habeas petition is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). The petition asserts arguably colorable habeas claims for ineffective assistance of counsel in violation of the United States Constitution. Because it is not apparent from the face of the petition that Petitioner is not entitled to relief, *see* Habeas Rule 4, Respondent is **DIRECTED** to file an answer, plead or otherwise respond to the petition in accordance with Habeas Rule 5 within **30 days** of the entry of this Order.

---

[1] "[A] 'mixed' petition for habeas corpus relief in which a state prisoner presents a federal court with a single petition containing some claims that have been exhausted in the state courts and some that have not." *Rhines v. Weber*, 544 U.S. 269, 271 (2005).

On that same date, Respondent shall also file the complete state court record relevant to this matter, including the complete trial court record, the complete record on direct appeal, and the complete trial and appellate court record in connection with any state petition for collateral relief including, but not limited to, transcripts for all proceedings and rulings on any state petition. *See* Habeas Rules 5(c) & (d). Respondent's notice of filing shall include a comprehensive index indicating the precise location of each distinct part of the relevant record (*e.g.*, plea proceedings, pre-trial hearing transcripts, voir dire, each portion of trial testimony, trial exhibits, jury instructions, verdict, each party's briefs at each level of appeal, each court's final ruling on appeal and collateral proceedings, etc.). The record shall be organized and appropriately indexed, and distinct parts of the record should be electronically bookmarked for ease of reference in identifying documents relevant to the state court proceedings. After the record is filed, the parties shall cite to the state court record using the Document and Page numbers provided in CM-ECF.

If Respondent files an answer, the answer must comply with the requirements set forth in Habeas Rule 5. The answer shall address each alleged ground for relief and shall be fully briefed with citations to the state court record and to governing Supreme Court precedent. For each claim, the answer shall, at a minimum: (1) assert any procedural defenses; (2) identify the clearly established Supreme Court precedent governing the claim; (3) state whether the claim was exhausted in state court; (4) cite the state court's ruling for exhausted claims; and (5) respond to Petitioner's argument that he is entitled to habeas relief on the claim with appropriate reasoned legal and factual argument. Failure to comply with these requirements may result in Respondent's being directed to file a new answer in conformance with these requirements.

Petitioner may file a reply to Respondent's answer limited to disputing specific points of fact or law raised by the answer within **30 days** of the date the answer is filed. The Court will

consider the matter ripe for review if Petitioner fails to file a reply, or to seek additional time to file a reply, within **30 days** of the date the answer is filed.

If Respondent files a motion, the motion shall comply with the requirements of the Federal Rules of Civil Procedure, *see* Habeas Rule 12, and where relevant, shall address the issues of exhaustion and timeliness. Petitioner may file a response to Respondent's motion within **30 days** of the date the motion is filed. If Petitioner fails to timely respond to Respondent's motion, or fails to seek additional time to respond, the Court may construe Petitioner's failure to respond as Petitioner's agreement that the motion has merit and may grant the motion without further briefing. Respondent may file a reply, or seek additional time to file a reply, within **15 days** of the date Petitioner's response to the motion is filed.

The Clerk is **DIRECTED** to serve a copy of the petition and this Order on Respondent and the Attorney General of Tennessee. *See* Habeas Rule 4.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

4

Case 3:20-cv-00825   Document 10   Filed 12/01/20   Page 4 of 4 PageID #: 123