IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JUSTIN C. HOWELL #562988,              )
                                       )
        Petitioner,                    )
                                       )    NO. 3:20-cv-00825
v.                                     )
                                       )    JUDGE RICHARDSON
WARDEN GRADY PERRY,                    )
                                       )
        Respondent                     )

## MEMORANDUM AND ORDER

On December 1, 2020, the Court denied Petitioner's motion to stay this case pending the outcome of his state-court appeal in state habeas proceedings. (Doc. No. 10). In reaching that decision, the Court agreed with Respondent that a stay was unnecessary because none of the claims raised in this action are among those still pending in state court. (*Id.* at 2).

Petitioner has filed a "Rule 60(b) Motion for Relief from Judgement," which the Court construes as a motion to reconsider the denial of a stay. (Doc. No. 13). In his memorandum in support of the pending motion, Petitioner explains that the claims still pending in state court pertain to the "underlying factual predicates" of claims raised in this case. (Doc. No. 14 at 4). He argues, for example, that one of his pending Section 2254 claims is that plea counsel was ineffective for failing to act appropriately in response to the state's breach of his plea agreement and that the issue of the underlying breach is still being litigated in the state habeas case. (*Id.* at 9–10). The Petition does allege that plea counsel was ineffective with respect to the alleged breach and that Petitioner can overcome the default of that claim pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012), based on post-conviction counsel's ineffectiveness in failing to raise it. (Doc. No. at 2). And Petitioner's appellate brief in the pending state case does include argument about an alleged breach, relying on

the same case law cited in the instant habeas petition: *Santobello v. New York*, 404 U.S. 257 (1971). (Doc. No. 9-1 at 14–15). Similarly, the 2254 Petition asserts, again through the lens of *Martinez*, that plea counsel was ineffective with regard to a Double Jeopardy violation in the indictments, and Petitioner challenges the indictments on the basis of Double Jeopardy in his pending state appeal. (Doc. No. 1 at 4; Doc. No. 9-1 at 16–17).

When a petitioner defaults a claim of ineffective assistance of trial counsel, the ineffectiveness of post-conviction counsel can sometimes establish cause "to consider the merits of a claim that otherwise would have been procedurally defaulted." *Martinez*, 566 U.S. at 17. To determine whether a petitioner demonstrates cause under *Martinez*, the Court considers "(1) whether state post-conviction counsel was ineffective; and (2) whether [Petitioner's] claims of ineffective assistance of counsel were 'substantial.'" *Atkins v. Holloway*, 792 F.3d 643, 660 (6th Cir. 2015) (citations omitted). For the purposes of *Martinez*, "[a] substantial claim is one that has some merit and is debatable among jurists of reason." *Abdur'Rahman v. Carpenter*, 805 F.3d 710, 713 (6th Cir. 2015) (citing *Martinez*, 566 U.S. at 14). On the other hand, a claim is not substantial "when 'it does not have any merit,'" or when it "'is wholly without factual support.'" *Porter v. Genovese*, 676 F. App'x 428, 432 (6th Cir. 2017) (quoting *Martinez*, 566 U.S. at 15–16).

While the state court's resolution of his pending state claims will not be dispositive of any claims raised in this case, there is a reasonable possibility that it will be relevant to the question of whether Petitioner's related ineffective-assistance claims are substantial as required for further consideration under *Martinez*. And while that prong of the *Martinez* analysis may not, itself, be dispositive in light of the other relevant factors, it is prudent for purposes of the Court's own analysis and any future appeal to rule on the basis of a complete record.

2

Upon reconsideration, therefore, the Court agrees with Petitioner that to stay and hold this case in abeyance pending the resolution of his state-court litigation would be appropriate and compatible with the purposes of the Antiterrorism and Effective Death Penalty Act of 1996. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Petitioner's motion to reconsider (Doc. No. 13) is **GRANTED**, and this case is **STAYED** pending further Order of the Court.

The Clerk is **DIRECTED** to close this file administratively without judgment. Respondent **MUST**, within **30 days** of the conclusion of Petitioner's pending state litigation, file a notice informing the Court of that event and file the underlying record of the state litigation, to the extent that it is not included in the state records already filed. Within **30 days** of the filing of that notice, Petitioner **MUST** file <u>either</u> a notice that this case is ripe for the Court's review <u>or</u> a motion to amend the Petition along with the proposed comprehensive amended petition. Respondent **MUST** respond to any motion to amend within **14 days** of its filing.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE