IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JUSTIN C. HOWELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | NO. 3:20-cv-00825 |
| | ) | |
| GRADY PERRY, | ) | JUDGE RICHARDSON |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Petitioner Justin C. Howell filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2016 convictions for four counts of aggravated robbery and one count of aggravated burglary in Williamson County, Tennessee.[1] (Doc. No. 1). After a stay of these proceedings to allow Petitioner to pursue state habeas corpus relief, Petitioner filed an Amended Petition, which is the operative petition in this action. Respondent filed an Amended Answer and later a Second Amended Answer, which is the operative answer. As explained below, Petitioner is not entitled to habeas corpus relief, so the petition will be denied, and this action will be dismissed.

I. Jurisdiction

This Court may "entertain an application for a writ of habeas corpus [on] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The

---

[1] While this litigation was pending, Petitioner completed his sentence and was released from custody. (*see* Doc. No. 29). TDOC ID 00562988.

"in custody" requirement is satisfied so long as a petitioner was in custody when he brought the habeas corpus action. *Maleng v. Cook*, 490 U.S. 488, 490 (1989) ("[T]he habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed."). Here, Petitioner was in custody when he brought this action, so the "in custody" requirement is satisfied.

Even when a petitioner was initially in custody, a habeas action will become moot if the petitioner is released and no "collateral consequence" remains for which relief could be granted. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained."). When a petitioner challenges the constitutionality of his conviction, these collateral consequences are presumed to exist. *Gentry v. Deuth*, 456 F.3d 687, 694–95 (6th Cir. 2006). Here, Petitioner challenges the lawfulness of his convictions, so even though he has been released from custody, this action is not moot, and the Court retains jurisdiction to adjudicate the petition.

## II. Procedural and Factual Background

### A. Indictment and Guilty Plea

On October 12, 2013, two men armed with guns broke into the home of the Croft family—comprised of two adults and two minor children—and stole over $1000 in property. (Doc. No. 17-5 at PageID# 741–42). Evidence indicated that Petitioner was the getaway driver. *Id.* Police arrested Petitioner, and a Williamson County grand jury indicted him on three counts of aggravated kidnapping, one count of especially aggravated kidnapping, four counts of aggravated robbery, four counts of aggravated assault, one count of aggravated burglary, and one count of theft. (Doc. No. 17-1 at PageID 163–70). Pursuant to a negotiated plea agreement, Petitioner pled guilty

to four counts of aggravated robbery and one count of aggravated burglary in exchange for a prison term of eleven years. *Id.* at 164–65, 185–88.

The plea agreement specified that Petitioner would "pay a fine of $0." *Id.* at 186–87. The plea agreement did not mention court costs. *Id.* The trial court accepted the plea agreement and entered judgment on each count on February 18, 2016. *Id.* at PageID# 175–78, 183. The judgments left blank all "Court Ordered Fees and Fines," but marked "Costs to be Paid by" "Defendant." *Id.* Petitioner did not appeal.

### B. State Collateral Attacks

On February 24, 2017, Petitioner's father filed a "next friend" postconviction petition in the Williamson County Circuit Court challenging Petitioner's conviction. Petitioner then filed an amended petition on March 20, 2017. (Doc. No. 17-1 at PageID# 189−232). The court dismissed the original petition but later reconsidered and allowed the case to proceed on Petitioner's amended petition. (Doc. No. 17-2 at PageID# 368−70, 384). After the court appointed counsel, Petitioner filed a second amended petition alleging that trial counsel was ineffective for failing to file a motion to suppress cell phone records. (Doc. No. 17-3 at PageID# 406−11). The court held an evidentiary hearing and denied relief on this claim, as well as a claim raised at the evidentiary hearing that trial counsel had failed to properly advise Petitioner regarding the percentage of his conviction he would likely serve in prison. *Id.* at PageID# 479−95. Petitioner appealed, and the Tennessee Court of Criminal Appeals affirmed. *Howell v. State*, No. M2018-02050-CCA-R3-PC (Tenn. Crim. App. Dec. 19, 2019); (Doc. No. 17-9). The Tennessee Supreme Court denied Petitioner's application for permission to appeal on June 3, 2020. (Doc. No. 17-12).

In September 2019, during the pendency of Petitioner's appeal of the denial of his state postconviction petition, he filed a state petition for writ of habeas corpus in the Wayne County

Circuit Court.[2] In it, he alleged that his sentence was invalid because it included a combination of concurrent and consecutive sentences and violated double jeopardy. (Doc. No. 18-1 at PageID# 858−71). The trial court summarily dismissed the petition, *id.* at PageID# 899, and the Tennessee Court of Criminal Appeals affirmed on July 30, 2021. *Howell v. Perry*, No. M2020-00265-CCA-R3-HC (Tenn. Crim. App. July 30, 2021).

### C. Letter Assessing Court Fees

On or about July 29, 2019, Petitioner received a memorandum from the Tennessee Department of Correction notifying him that he was liable for $432 in court costs for the case that resulted in his incarceration. (Doc. No. 23 at PageID# 1009). The memorandum explained that these costs are required by statute, "assessed by the criminal court clerk's office[,] and do not appear on the judgment order." *Id.*

### D. Federal 28 U.S.C. § 2254 Petition

On September 24, 2020, while Petitioner's state habeas corpus appeal was pending, he filed in this Court a petition for writ of habeas corpus under 28 U.S.C. § 2254, along with a motion to stay proceedings. (Doc. No. 1; Doc. No. 3). The Court initially denied that motion but later reconsidered and granted it. (Doc. No. 10; Doc. No. 20). Petitioner filed his Amended Petition in July 2022, and the Court lifted the stay and reopened this case in September 2022. (Doc. No. 35; Doc. No. 37). Respondent filed his Second Amended Answer in October 2022. (Doc. No. 38). Petitioner did not file a traverse or reply. The petition for writ of habeas corpus is thus fully briefed.

---

[2] In ways, and for reasons, that the Court need not discuss herein, under Tennessee law "post-conviction" claims (i.e., claims pursued under the Post-Conviction Procedure Act, Tenn. Code. Ann. § 40-30-101 *et seq.*) are different from habeas corpus claims. *See Jordan v. State*, No. 201800195CCAR3HC, 2018 WL 6787632, at *2 (Tenn. Crim. App. Dec. 26, 2018) (noting a distinction between "[p]ost-conviction relief" and "habeas corpus relief").

In the Amended Petition, Petitioner contends that trial counsel was ineffective for the following acts and omissions:

1. failing to challenge the State's plea offer as illusory;

2. failing to challenge the State's breach of the plea agreement;

3. failing to challenge the sufficiency and facial validity of the indictments;

4. advising Petitioner to plead guilty to duplicitous charges in violation of double jeopardy;

5. advising Petitioner to plead guilty pursuant to an unenforceable plea agreement;

6. failing to ensure that the plea agreement was enforceable; and

7. failing to ensure that Petitioner's guilty plea was knowing and voluntary.

(Doc. No. 35).

### III.  Governing Standards

A federal court may grant habeas relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition in this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA creates both procedural and substantive limits on the Court's authority to grant habeas corpus relief for a petitioner in custody pursuant to a state court judgment. The Court sets forth the standards applicable to this petition below.

**A. Procedural Default**

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b), thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . ., thereby alerting that court to the

federal nature of the claim." *Id.* (citation omitted). In Tennessee, a petitioner is "'deemed to have exhausted all available state remedies for [a] claim'" when the claim is presented to the Tennessee Court of Criminal Appeals. *Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003) (quoting Tenn. Sup. Ct. R. 39).

A procedural default can occur in one of two ways. First, a procedural default may occur if the state court actually "relied on [a state] procedural bar as an independent basis for its disposition of the case." *Caldwell v. Mississippi*, 472 U. S. 320, 327 (1985). Second, if a petitioner fails to properly exhaust a claim in state court, and the claim can no longer be raised in state proceedings because of a failure to follow state procedure for presenting such a claim, the claim is "technically exhausted" but procedurally defaulted. *Woodford v. Ngo*, 548 U. S. 81, 126 (2006).

A petitioner may obtain merits review of a procedurally defaulted claim by demonstrating "cause and prejudice" for the default. *Sutton v. Carpenter*, 745 F.3d 787, 791 (6th Cir. 2014). To establish cause, the petitioner must show that "some objective factor external to his defense impeded his ability to comply with the state's procedural rule." *Bies v. Sheldon*, 775 F.3d 386, 396 (2014). In Tennessee and many other states, a petitioner who raises a procedurally defaulted claim alleging ineffective assistance of trial counsel may demonstrate cause by showing that postconviction counsel was ineffective for failing to raise the claim in initial state postconviction proceedings. *See Martinez v. Ryan*, 566 U.S. 1, 17 (2012) ("Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."); *Trevino v. Thaler*, 569 U.S. 413, 429 (2013) (extending *Martinez* to states with procedural frameworks that make unlikely a meaningful opportunity to

raise ineffective assistance claim on direct appeal); *Sutton*, 745 F.3d at 795−96 (holding that *Martinez* and *Trevino* apply in Tennessee). To demonstrate cause under this framework, a petitioner must show that the ineffective assistance of postconviction counsel occurred during the "initial-review collateral proceeding," and that "the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Martinez*, 566 U.S. at 14.

To establish prejudice under the "cause and prejudice" analysis, a petitioner must demonstrate that the constitutional error "'worked to his actual and substantial disadvantage.'" *Perkins v. LeCureux*, 58 F.3d 214, 219 (6th Cir. 1995) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis omitted)).

**B. Merits Review**

Under the AEDPA, a federal court may grant a writ of habeas corpus on a claim that was adjudicated on the merits in state court only if that adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

If a claim was not adjudicated on the merits in state court, this Court applies the "pre-AEDPA standard of review: *de novo* for questions of law (including mixed questions of law and fact), and clear error for questions of fact." *Robinson v. Howes*, 663 F.3d 819, 823 (6th Cir. 2011); *see* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination

of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").[3]

## IV. Analysis

Respondent argues that Petitioner's claims of ineffective assistance of trial counsel are procedurally defaulted and, in any event, without merit.[4] Petitioner relies on *Martinez* to excuse the default, and he argues that his guilty plea should be vacated due to trial counsel's ineffectiveness. In the interest of judicial economy, the Court will bypass the parties' procedural-default arguments because Petitioner is not entitled to relief on the merits of his ineffective assistance of trial counsel claims. *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) ("[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits."). Because Petitioner did not present his claims in state court, the claims were not adjudicated on the merits, so this Court will review them under pre-AEDPA standards. *Robinson v. Howes*, 663 F.3d 819, 823 (6th Cir. 2011).

The Sixth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, guarantees to a person accused of a crime the right to effective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) deficient performance of counsel and (2) prejudice to the defendant. *See Bell v. Cone*, 535 U.S. 685, 694−95 (2002). Trial counsel's performance is deficient when it falls below an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 686−87 (1984).

---

[4] Respondent notes that Petitioner could have, but did not, raise an exhausted claim of ineffective assistance of trial counsel based on counsel's failure to file a motion to suppress. (Doc. No. 38 at PageID# 1246). Although Respondent addresses this claim, the Court will not, as it is not raised in Petitioner's Amended Petition—or his original petition, which was superseded by the Amended Petition.

The prejudice element requires a petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. To show prejudice in the context of a guilty plea resulting from alleged ineffective assistance, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Petitioner's claims of counsel's ineffectiveness, though numerous, distill down to two sets of allegations: those related to court costs and those related to double jeopardy. The Court addresses each set of allegations in turn.

**A. Claims Related to Court Costs (Grounds 1, 2, 5, 6, and 7)**

Petitioner's Grounds 1, 2, 5, 6, and 7 all hinge on Petitioner's assertion that his plea agreement is unlawful and unenforceable because it includes a term providing he is not liable for any court costs or fees:

- Ground 1 alleges that trial counsel "was ineffective for failing to challenge the state's [] plea-offer as illusory, void, and unenforceable, and thus in violation of Petitioner's due process rights" because the offer "called for Petitioner having <u>all of his fines, fees and court costs associated with his conviction waived</u>." (Doc. No. 35 at PageID# 1155).

- Ground 2 alleges that trial counsel "was ineffective for failing to challenge the state's material [breach] of the Plea agreement" because "[T]he State of Tennessee on July 29th, 2019 told Petitioner that despite the terms of his plea, which called for the waiver of all court costs and fines, he is still liable for $432." *Id.* at PageID# 1155, 1157.

- Grounds 5 alleges that trial counsel trial counsel "was ineffective when she advised Petitioner [] to plead guilty pursuant to an agreement whose terms were unenforceable as a matter of state law" because the "plea agreement contained a material element/component that was illegal; namely that he would not be subject to any fines, or fees, or court costs." *Id.* at PageID# 1191, 1193.

- Ground 6 alleges that trial counsel "was ineffective due to her failure to ensure that the [] Plea agreement Petitioner entered into was enforceable as a matter of Tennessee State law," but it was not enforceable because the "plea agreement, contained a material element/component that was illegal; namely that he would not be subject to any fines, or fees, or court costs." *Id.*

- Ground 7 alleges that trial counsel "was ineffective for failing to ensure that [Petitioner's] pleas were knowing and voluntary," and the pleas were not knowing and voluntary because "the record clearly reflects that not having any fees or costs associated with the guilty plea was a 'material element' of the plea agreement." *Id.* at PageID# 1202, 1204.

These claims are all undermined by one fact: the plea agreement does not call for a waiver of court costs or fees. Indeed, the plea agreement makes no mention of court costs or fees. Petitioner, in quoting the plea agreement, makes bracketed alterations to suggest that the plea agreement provides for $0 in court costs. (Doc. No. 35 at PageID# 1156) (Amended Petition asserting that "the specific wording of the plea agreement itself, specially and unequivocally that he be subject to 'confinement of 11 years and to pay a fine[and court costs] of $0[zero]" (brackets

and bracketed language included in Amended Petition)).[5] In contrast, the plea agreement itself addresses fines but not fees or court costs. (Doc. No. 17-1 at PageID# 186−87) (specifying that Petitioner is "to pay a fine of $0").

"The failure to raise a meritless claim does not constitute ineffective assistance of counsel." *Tackett v. Trierweiler*, 956 F.3d 358, 375 (6th Cir. 2020). Any challenge trial counsel might have brought based on the plea agreement including a provision assessing no court costs or fees would have been plainly meritless, as the plea agreement contains no such provision. (Doc. No. 17-1 at PageID# 186−87).

And even if Petitioner could show that trial counsel performed deficiently—which he cannot—his claims would be denied for lack of prejudice. "Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 582 U.S. 357, 369 (2017); *see United States v. Pola*, 703 Fed. App'x 414, 421 (6th Cir. 2017) (rejecting claim of ineffective assistance of counsel at guilty plea stage where petitioner's *post hoc* assertions were the only evidence that he would not have pled guilty but for counsel's allegedly erroneous advice). Here, Petitioner

---

[5] Reading the Amended Petition in the light most favorable to Petitioner, the Court presumes that Petitioner's bracketed additions to quotations of the plea agreement represent his personal understanding of the agreement, rather than an attempt to deceive the Court about the agreement's explicit terms.

presents no contemporaneous evidence suggesting that counsel's allegedly erroneous advice would have changed his decision to plead guilty.[6]

Nor does Petitioner offer any explanation of why the possibility of being assessed $432 in court costs—a facially minor consideration in comparison to the eleven-year prison term Petitioner accepted as part of his guilty plea—would have changed his decision to plead guilty. *Cf. Hartsook v. Lazaroff*, No. 17-3339, 2018 WL 4772428, at *2 (6th Cir. Apr. 17, 2018) (finding petitioner failed to demonstrate prejudice for claim based on trial court's sentencing explanation during plea colloquy, which was inaccurate by one month, because petitioner offered no explanation for why he would have changed his decision to plead guilty based on this error).

Because Petitioner has not demonstrated deficient performance or prejudice, the Court will deny his ineffective-assistance-of-trial-counsel claims based on counsel's alleged failures to challenge or properly advise Petitioner regarding a non-existent term in the plea agreement.

**Claims Related to Double Jeopardy (Grounds 3 and 4)**

In Ground 3, Petitioner alleges that trial counsel "was ineffective for failing to challenge the sufficiency and facial validity of the indictments" because the indictments violated double jeopardy. (Doc. No. 35 at PageID# 1180). In Ground 4, Petitioner alleges that trial counsel "was ineffective when she advised Petitioner to plead guilty to multiple counts in the indictment which were duplicitous and subjected Petitioner to double jeopardy." *Id.* These two claims are based on Petitioner's legal conclusion that he could not have been properly convicted for four counts of

---

[6] Petitioner is not entitled to an evidentiary hearing to develop the record on this point, because he failed to develop the record in state court and has not met the criteria for an exception under 28 U.S.C. § 2254(e)(2). Notably, for § 2254(e) purposes, state postconviction counsel's alleged failures to develop the record are attributed to Petitioner. *Shinn v. Ramirez*, 596 U.S. 366, 382 (2022); *Rogers v. Mays*, 69 F.4th 381, 396 (6th Cir. 2023) (en banc).

aggravated robbery under Tennessee double jeopardy principles because there were four victims, but not four "takings." *Id.* at PageID# 1180−86 (citing *State v. Franklin*, 130 S.W.3d 789, 798 (Tenn. Crim. App. 2003)).

As explained above, trial counsel cannot have been ineffective for failing to raise meritless challenges. *Tackett*, 956 F.3d at 375. And the Tennessee Court of Criminal Appeals has made clear, through its discussion of Petitioner's codefendants' double jeopardy claim, that such a claim would be meritless:

> The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, states, "No person shall ... be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. Similarly, the Tennessee Constitution guarantees "[t]hat no person shall, for the same offense, be twice put in jeopardy of life or limb." Tenn. Const. art. I, § 10. Both clauses provide three distinct protections: "(1) protection against a second prosecution for the same offense after acquittal; (2) protection against a second prosecution for the same offense after conviction; and (3) protection against multiple punishments for the same offense." *State v. Watkins*, 362 S.W.3d 530, 541 (Tenn. 2012).
>
> With respect to the third category, the double jeopardy prohibition operates to prevent prosecutors and courts from imposing punishment that exceeds that authorized by the legislature. Such single prosecution, multiple punishment claims ordinarily fall into one of two categories: (1) "unit-of-prosecution" or (2) "multiple description" claims. A unit of prosecution claim can arise when a defendant is convicted of multiple violations of the same statute. As Petitioner correctly notes, this court has concluded that the unit of prosecution for robbery is the number of thefts that occurred. *State v. Franklin*, 130 S.W.3d 789, 798 (Tenn. Crim. App. 2003).
>
> In *Franklin*, a co-owner of a convenience store and a clerk were present when the defendants stole cash from the register during a robbery. This court concluded that the proper unit of prosecution for robbery was the number of thefts that occurred; accordingly, the defendants' convictions for two counts of robbery violated principles of double jeopardy because only one theft occurred. This court instructed the trial court to reduce the conviction for one of the aggravated robbery counts to aggravated assault; in a footnote, this court suggested that the trial court alter the judgment for the conviction involving the clerk because the co-owner "suffered the actual loss of the cash[.]"
>
> Petitioner relies on *Franklin* in support of his contention that "there were only two victims, the parents, who were the proper owners of the property taken[.]"

> However, *Franklin* lends no support for Petitioner's novel argument that, for purposes of our criminal code, children are incapable of having an ownership interest in property purchased for them by their parents. Petitioner cites to no authority for this proposition.
>
> Moreover, Petitioner's reliance on *Franklin* related to the number of thefts that occurred is misplaced. *Franklin* is distinguishable from the robbery in Petitioner's case—one sum of cash taken from a single register in the presence of two people is very different from the theft of several items from family members, all of whom were present during the robbery and identified at trial the items they individually owned.

*Felix v. State*, No. M2023-00291-CCA-R3-PC, 2024 WL 2871023, at *12−13 (Tenn. Crim. App. June 7, 2024) (some citations omitted).

Additionally, Petitioner has not demonstrated prejudice. He asserts without elaboration that "as a result of this deficient performance Petitioner Howell suffered real prejudice and was deprived of his right to a full and fair jury trial," (Doc. No. 35 at PageID# 48−49), which suggests that Petitioner would not have pled guilty but for trial counsel's alleged failures. But, even if Petitioner were correct that his four aggravated-robbery convictions violate double jeopardy principles—and he is not—he has not shown a reasonable probability that he would have refused to plead guilty to these offenses. Notably, Petitioner received concurrent sentences on all counts. (Doc. No. 17-1 at PageID# 28−29). He has offered no explanation for why he would have been willing to risk trial, despite facing the same sentencing consequences, if trial counsel had advised him differently regarding double jeopardy.

Because Petitioner has not demonstrated deficient performance or prejudice, the court will deny his ineffective-assistance-of-trial-counsel claims based on counsel's alleged failures to properly advise Petitioner regarding double jeopardy.

## V. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal of the denial of a habeas corpus petition may not proceed unless a certificate of appealability (COA) is issued under

28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2254 Cases requires that a district court issue or deny a COA when it enters a final order. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. 322, 327 (2003). The district court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b).

Here, because jurists of reason would not disagree with the resolution of Petitioner's claims, the Court will deny a certificate of appealability. However, Petitioner may seek a certificate of appealability from the Sixth Circuit.

## VI. Conclusion

As discussed above, the Court will deny Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus and dismiss this action with prejudice. A certificate of appealability will not be granted in this Court, but Petitioner may seek one in the Sixth Circuit. An appropriate Order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE